THE STATE, THE RAHWAY GASLIGHT COMPANY, PROSE-
CUTORS, v. THE MAYOR AND COMMON COUNCIL OF
THE CITY OF RAHWAY.

An ordinance regulating the excavation of public streets will not be set
aside *in toto* because it unreasonably interferes with the exercise of the
franchises of a single corporation, provided it be unobjectionable in
other respects; and it is only when it is actually interfered with in
the enjoyment of its franchises by the enforcement of such ordinance,
that a corporation can raise the question of its validity.

On *certiorari.*

Argued at November Term, 1895, before Justices DEPUE,
VAN SYCKEL and GUMMERE.

For the prosecutors, *Frank Bergen.*

For the defendant, *Benjamin A. Vail.*

The opinion of the court was delivered by

GUMMERE, J.   This writ brings up an ordinance of the
city of Rahway regulating the excavating of streets for sewer
connections and other purposes.   Its validity is attacked by
the prosecutors upon two grounds—first, because it is incon-
sistent with their charter, and second, because it is unreason-
able in that it prescribes an impracticable method of exercising
one of their essential franchises.

The ordinance ordains that no person or corporation shall
open any paved street in the city without having first made
application to the street commissioner, specifying the nature
of the excavation, the work to be done, the location, and how
long it will be necessary for the street to remain open; and
that such application shall be referred to the committee on
streets, who *may* grant the same if it shall appear that no
damage will be done to the street by such opening.   It
further ordains that where application is made to open streets

that have been paved with broken stone or asphaltum, for the purpose of making gas, water or sewer connections, a permit may be given to make such connections by tunnel, but under no circumstances shall any cutting be made in the surface of the street. The ordinance is said by the prosecutors to be inconsistent with the provisions of their charter because it makes their right to excavate streets for the purpose of laying pipes or making connections with their mains depend upon the will of the street committee instead of being absolute; and it is said to be unreasonable, because it is impossible for them to repair their mains or make connection with them by tunneling a street instead of cutting the surface thereof.

Conceding it to be true as claimed by the prosecutors that this ordinance is in violation of their chartered rights, and prevents the exercise of one of their essential franchises, this does not render the ordinance altogether void. Its object is to regulate the excavating of the public streets of Rahway, not only by the prosecutors in making connections with and repairs to their gas mains, but also by all other persons or corporations desiring to excavate the streets for any purpose. So far as individuals and corporations whose franchises are not affected by it are concerned, the ordinance cannot be successfully attacked on the ground of unreasonableness. Its scope is to place the opening of the city streets under proper regulations; and, if it unreasonably interferes with the prosecutors in the enjoyment of their chartered rights and franchises, that fact renders it not generally, but only specially, inoperative.

No attempt has as yet been made on the part of the municipal authorities to enforce this ordinance against the prosecutors, and there is nothing in the case to warrant the conclusion that they contemplate doing so. If such an attempt should hereafter be made, and the contention of the prosecutors is well founded, their remedy would be to object to the validity of the ordinance, in the penal suits brought against them for violating the provisions thereof, and in that way bring before the courts the question whether it unreasonably

interferes with the exercise of their corporate franchises. *Pennsylvania Railroad Co.* v. *Jersey City*, 18 *Vroom* 286.

The suing out of the writ of *certiorari* in this case was premature, and it should be dismissed, with costs.